IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

CHRISTINA L. EDWARDS     PLAINTIFF

vs.     Case No. 2:18-CV-02058

NANCY A. BERRYHILL     DEFENDANT
Acting Commissioner, Social Security Administration

## ORDER

Pending now before the Court is Plaintiff's Motion for Attorney's Fees Pursuant to the Equal Access to Justice Act ("EAJA"). ECF No. 19. Defendant has responded to this Motion and raises no objections to Plaintiff's Motion. ECF No. 21. This Motion is now ripe for consideration.

1. **Background:**

On March 26, 2018, Christina L. Edwards ("Plaintiff") appealed to the Court from the Secretary of the Social Security Administration's ("SSA") denial of her request for disability benefits. ECF No. 1. On March 13, 2019, Plaintiff's case was reversed and remanded pursuant to sentence four of 42 U.S.C. § 405(g). ECF Nos. 17-18.

On April 30, 2019, Plaintiff filed her Motion for Attorney's Fees. ECF No. 19. With this Motion, Plaintiff requests an award of attorney's fees of $4,785.05. *Id.* This amount totals 17.35 attorney hours from 2018 and 2019 at an hourly rate of $193.00 and 16.90 paralegal hours from 2018 and 2019 at an hourly rate of $85.00. *Id.* Defendant has responded to the Motion and raises no objections to this Motion. ECF No. 21.

2. **Applicable Law:**

Pursuant to the EAJA, 28 U.S.C. § 2412(d)(1)(A), a court must award attorney's fees to a prevailing social security claimant unless the Secretary's position in denying benefits was

substantially justified. The Secretary has the burden of proving that the denial of benefits was substantially justified. *See Jackson v. Bowen,* 807 F.2d 127, 128 (8th Cir.1986) ("The Secretary bears the burden of proving that its position in the administrative and judicial proceedings below was substantially justified"). An EAJA application also must be made within thirty days of a final judgment in an action, *See* 28 U.S.C. § 2412(d)(1)(B), or within thirty days after the sixty day time for appeal has expired. *See Shalala v. Schaefer,* 509 U.S. 292, 298 (1993).

An award of attorney's fees under the EAJA is appropriate even though, at the conclusion of the case, the plaintiff's attorney may be authorized to charge and to collect a fee pursuant to 42 U.S.C. § 406(b)(1). Recovery of attorney's fees under both the EAJA and 42 U.S.C. § 406(b)(1) was specifically allowed when Congress amended the EAJA in 1985. *See Gisbrecht v. Barnhart,* 535 U.S. 789, 796 (2002) (citing Pub. L. No. 99-80, 99 Stat. 186 (1985)). The United States Supreme Court stated that Congress harmonized an award of attorney's fees under the EAJA and under 42 U.S.C. § 406(b)(1) as follows:

> Fee awards may be made under both prescriptions [EAJA and 42 U.S.C. § 406(b)(1)], but the claimant's attorney must "refun[d] to the claimant the amount of the smaller fee.". . ."Thus, an EAJA award offsets an award under Section 406(b), so that the [amount of total past-due benefits the claimant actually receives] will be increased by the . . . EAJA award up to the point the claimant receives 100 percent of the past-due benefits."

*Id.* Furthermore, awarding fees under both acts facilitates the purposes of the EAJA, which is to shift to the United States the prevailing party's litigation expenses incurred while contesting unreasonable government action. *See id.*; *Cornella v. Schweiker,* 728 F.2d 978, 986 (8th Cir. 1984).

The statutory ceiling for an EAJA fee award is $125.00 per hour. *See* 28 U.S.C. § 2412(d)(2)(A). A court is only authorized to exceed this statutory rate if "the court determines that

2

an increase in the cost of living or a special factor, such as the limited availability of qualified attorneys for the proceedings involved, justifies a higher fee." *Id.* A court may determine that there has been an increase in the cost of living, and may thereby increase the attorney's rate per hour, based upon the United States Department of Labor's Consumer Price Index ("CPI"). *See Johnson v. Sullivan,* 919 F.2d 503, 504 (8th Cir. 1990). *See also* General Order 39 ("Attorney's Fees Under the Equal Access to Justice Act").

**3.    Discussion:**

In the present action, Plaintiff's case was remanded to the SSA. ECF Nos. 17-18. Defendant does not contest Plaintiff's claim that she is the prevailing party and does not object to her request for attorney's fees. ECF No. 21. Thus, the Court finds Plaintiff does qualify as the "prevailing party" and is entitled to attorney's fees under EAJA.

Plaintiff requests a total award of $4,785.05. ECF No. 19. This amount totals 17.35 attorney hours from 2018 and 2019 at an hourly rate of $193.00 and 16.90 paralegal hours from 2018 and 2019 at an hourly rate of $85.00. *Id.* This attorney hourly rate is authorized by the EAJA as long as the CPI-South Index justifies this enhanced rate. *See* General Order 39. *See also* 28 U.S.C. § 2412(d)(2)(A); *Johnson,* 919 F.2d at 504. In the present action, the Court finds the CPI-South Index authorizes $193.00 for 2018 and 2019. Thus, the Court awards that hourly rate.

Further, Plaintiff has requested 17.35 attorney hours for work performed in 2018 and 2019. ECF No. 19. Defendant raises no objections to these requested hours. ECF No. 21. Accordingly, the Court awards those requested hours. Plaintiff has also requested 16.90 paralegal hours at an hourly rate of $85.00. ECF No. 19. Defendant raises no objections to these requested paralegal hours or paralegal rate. ECF No. 21. Thus, the Court also awards these requested hours.

Defendant claims the fees awarded should be paid directly to Plaintiff pursuant to *Astrue v. Ratliff*, 560 U.S. 586, 130 S.Ct. 2521 (2010). ECF No. 21. *Ratliff* requires that attorney's fees be awarded to the "prevailing party" or the litigant. *See id.* 130 S.Ct. at 2528. Thus, these fees must be awarded to Plaintiff, not to Plaintiff's attorney. However, if Plaintiff has executed a valid assignment to Plaintiff's attorney of all rights in an attorney's fee award and Plaintiff owes no outstanding debt to the federal government, the attorney's fee may be awarded directly to Plaintiff's attorney.

**4. Conclusion:**

Based upon the foregoing, the Court awards Plaintiff **$4,785.05**. This amount totals 17.35 attorney hours from 2018 and 2019 at an hourly rate of $193.00 and 16.90 paralegal hours from 2018 and 2019 at an hourly rate of $85.00.

**ENTERED this 22nd day of May, 2019.**

/s/ P.K. Holmes, III
P. K. HOLMES, III
U.S. DISTRICT JUDGE